## Brand et al. v. Halferty et al.

*Harold H. Harter*, for plaintiffs.

*Ernest Frey* and *Reed, Smith, Shaw & McClay*, for defendants.

THOMPSON, J., June 30, 1948.—On May 3, 1948, a rule was entered on behalf of plaintiffs to show cause why an amicable action in ejectment should not be entered against defendants for possession of the premises known as 5228 Forbes Street in the City of Pittsburgh.

In support of this rule plaintiffs, who are two sisters, aver that they are the owners of the premises at 5228-30 Forbes Street, Pittsburgh, Pa., consisting of a double brick dwelling to which they acquired title on October 31, 1946; that the previous owner had made a written lease of the one half of the double brick dwelling known as 5228 Forbes Street to defendants, and plaintiffs acquired the double house subject to this lease.

On March 5, 1947, a new lease was entered into by plaintiffs, through their agent, with defendants for 5228 Forbes Street, for one year beginning May 1, 1947, and on the expiration of this lease the same was continued for another year by operation of law. A copy of the lease under which defendants are now in possession is set forth as Exhibit A in plaintiffs' declaration and, inter alia, it contains a provision that there shall be no subletting of the leased premises and that any violation of this or other provisions of the lease will work a forfeiture at the election of the lessors.

An answer was filed in which the statements thus far made were admitted, but defendants deny that there has been any subletting on their part or any violation of the terms of the lease.

We do not have before us a transcript of the testimony and must rely upon the notes, which were made at the time of hearing.

Plaintiffs testified that when they went into possession of the remaining portion of the double house, 5230 Forbes Street, about December 2, 1946, they talked with one of the defendants, Lenore Read Halferty, and

her sister, Miss Read, and were informed that the only occupants of the premises at 5228 Forbes Street were Mr. Guy Halferty and his wife. This statement is denied by defendants.

Plaintiffs testified, however, that on March 5, 1947, they were informed that there was a leak in the roof of the portion of the double house known as 5228 Forbes Street and water was leaking into the room of the tenant of defendants. It developed that this leak was in the ceiling of a room occupied by a Miss Leach. This information regarding the occupancy of her room at 5228 Forbes Street by Miss Leach was the first information plaintiffs say that they had of any such situation, and that they then went to the office of the United States Price Administration and found that defendants had made a report to the Price Administration of the tenancy of Miss Sarah Leach at 5228 Forbes Street, the amount of rent which was paid and various other particulars regarding the tenancy.

It became known to plaintiffs that a sister of Mrs. Halferty, Miss Florence Read, was also an occupant of the premises, but no objection has been made because they regarded her by reason of her relationship to Mrs. Halferty as being properly there.

There has been offered in evidence as plaintiffs' Exhibit 1 the registration certificate, which was made with the Price Administration respecting the tenancy of Miss Sarah Leach. The original lease under which defendants are now in possession, dated March 5, 1947, has also been offered in evidence.

Defendants have testified that Miss Sarah Leach, while not related to them in any way, has been a member of their household for a number of years, and in addition to occupying a room with private bath has had breakfast with them although having her other meals elsewhere and has been paying $25 per month. They have testified that no written lease has been made with Miss Leach. It is, of course, not necessary

that a lease be in writing unless it extends for more than three years.

We are of the opinion that there has been no intentional misrepresentation of any fact connected with this tenancy on the part of defendants.

It is conceded, however, that Miss Leach was one of the occupants of 5228 Forbes Street, that she was not a relative of defendants although she had occupied a room in their house for a number of years, and that she paid rental to defendants and was certified as a tenant to the Price Administration together with all the terms of her tenancy.

When these undisputed facts are considered together with the statement of plaintiffs that they were asked to repair a leak in the ceiling of the room of defendants' tenant, it seems to us that there has been a technical violation of the lease.

We, however, feel that the circumstances are such that defendants should have a reasonable time in which to remove from the premises and find some other home.

The rule granted will, therefore, be made absolute with the provision that no execution pursuant thereto shall issue before December 1, 1948.